1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
2                    WESTERN DIVISION

3                       - - -
    UNITED STATES OF AMERICA,   .     CASE NO. 1:13-cr-094
4                                .
            Plaintiff,           .
5                                .     *Sentencing*
         - v -                   .
6                                .     9:45 a.m.
    RODNEY DAVIS,                .     Tuesday, November 25, 2014
7                                .
            Defendant.           .     Cincinnati, Ohio
8    . . . . . . . . . . . . . . .

9

                  TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE MICHAEL R. BARRETT

11

    For the Plaintiff:
12
        CHRISTY L. MUNCY, ESQ.
13      Assistant United States Attorney
        221 East Fourth Street
14      Suite 400
        Cincinnati, Ohio  45202
15

16   For the Defendant:

17      CANDACE C. CROUSE, ESQ.
        Pinales Stachler Young Burrell & Crouse
18      455 Delta Avenue
        Suite 105
19      Cincinnati, Ohio  45226

20

21   Courtroom Deputy:    Barbara A. Crum

22   Court Reporter:      Maryann T. Maffia, RDR
                          100 East Fifth Street
23                        Cincinnati, Ohio  45202

24

25

Proceedings recorded in stenotype, transcript produced by computer.

**P R O C E E D I N G S**

COURTROOM DEPUTY:  On the docket is District Court Case Number 1:13-CR-94:  *United States of America versus Rodney Davis.*

We're here this morning for sentencing.

THE COURT:  Good morning.  Counsel want to enter their appearances for the record, please.

MS. MUNCY:  Good morning, Your Honor.  Christy Muncy on behalf of the United States.

MS. CROUSE:  And Candace Crouse on behalf of Rodney Davis, Your Honor.

THE COURT:  Rodney, when did you get back?

THE DEFENDANT:  Probably about a month ago.

THE COURT:  It's been a month?  All right.

Why did it take so long to get it set?

COURTROOM DEPUTY:  We were in Dayton.  I've been trying and trying to find a date.

THE COURT:  I apologize for that delay, Rodney.

THE DEFENDANT:  That's okay.

THE COURT:  Okay.  It was back in February that you were here in front of me and you entered a plea of guilty to the first count of the Amended Indictment, and that was a charge of Coercion and Enticement.

The case was referred to the Probation Department for a PSI investigation report, which was first done on March 9th

and then revised on August 11th.

In all of that conversation there was, you know, the question about the Texas charges and all that kind of stuff.

In any event, the PSI would have graded out at 151 to 188 months.  The deal that your lawyer cut with the government was 60 months, and then concurrent on the Texas charge, and that's my intention to do that.

So with you knowing that, I have to ask you on the record now, Rodney:  Was your decision to enter the plea on February 10th, was that your own free and voluntary act?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Based upon that, I find that you're fully competent and capable to enter an informed plea, that the plea of guilty that we took back at that time was a knowing plea, a voluntary plea, and was supported by an independent basis in fact which contains each of the essential elements of the offense charged as set forth in the Statement of Facts read into the record.

Therefore, I'll accept the plea and make a finding of guilty.

Christy, I'm sure you've received a copy of the PSI; correct?

MS. MUNCY:  That's correct, Your Honor.

THE COURT:  Candace, you received a copy of it as well, and you and Rodney talked about that and filed an

objection to it; is that correct?

      MS. CROUSE:  We did, Your Honor.  But upon conferring with Mr. Davis this morning, he has agreed to withdraw that objection.

      THE COURT:  Okay.

  Are you all right with that, Rodney?  You understand that it doesn't really change --

      THE DEFENDANT:  Yes.

      THE COURT:  -- where the outcome is going to be?

      THE DEFENDANT:  Yes, sir.

      THE COURT:  All right.  I have to run through the calculation just for the record.

  Count One is Coercion and Enticement.  The officer used the 2013 edition of the *Guidelines Manual* to calculate the potential sentence in this case.  For an offense involving 18 U.S.C. 2422(b), you look to Guideline 2G1.3.  Under that section, sub (a)(3), the Base Offense Level is 28.

  Two levels are added if the participant unduly influenced a minor to engage in the prohibited act.

  You also have to take into consideration the comparative ages of the folks involved.  If the participant is ten years older than the minor, there is a rebuttable presumption regarding the influence.  At the time of this offense, Rodney was 30, the victim was 15.  Therefore, the two-level enhancement was added to that.

         Because of the use of interactive computers and internet
equipment as it related to the charge in this case under
(b)(3), another two levels are added.

         The objection in this case would have added -- well, minus
the objection, two points were added for the transportation
issue under (b)(4).

         There was an objection to that, but Candace, you have
withdrawn that for the record; correct?

              MS. CROUSE:  Correct, Your Honor.

              THE COURT:  So then the total adjusted level is a 34.
Rodney got the three points credit for acceptance of
responsibility and timely notifying the government.  Also, as
I previously mentioned, there was a (c)(1)(C) agreement.

         His Criminal History Category was calculated at Roman
Numeral IV.

         Is there any objection to that calculation, Candace?

              MS. CROUSE:  No, Your Honor.

              THE COURT:  Okay.  So, at the end of the day, the
Total Offense Level is 31, Criminal History IV, and the
guideline calculation 151 to 188 months.

         Under the (c)(1)(C) Plea Agreement, there was -- 60 months
was the agreed upon sentence.

         Supervised release was anywhere between five and life.

         And I don't think there was an agreement on that, was
there, guys?  Wasn't that left up to me, the term of

1   supervised release?

2           MS. MUNCY:  That's correct.

3           MS. CROUSE:  That is correct.

4           THE COURT:  All right.  Double-check that before I

5   get there, but okay.

6       There is a recommended fine of $5,000, and a 100-dollar

7   special assessment, unpaid assessment, which is due.

8       All right.  So, Christy, is there anything on behalf of

9   the United States in terms of the guidelines calculation or

10  facts that need to be added or challenged in the PSI?

11          MS. MUNCY:  No, Your Honor.  And just to point Your

12  Honor to that portion of the Plea Agreement regarding

13  supervised release in paragraph five, it's the last sentence

14  on page 2, continuing on page 3.

15          THE COURT:  Okay.  All right.

16      Candace, on behalf of your representation of Rodney, or

17  Rodney himself, are there any additional facts or facts that

18  need to be challenged in the presentence investigation?

19          MS. CROUSE:  No, Your Honor.

20          THE COURT:  Okay.  The objection having been

21  withdrawn, the Court will adopt the Statement of Facts

22  contained in the PSI as my own findings of fact, which include

23  that Rodney entered a valid plea to Count One of the

24  Indictment, a charge of Coercion and Enticement, in violation

25  of 18 U.S.C. 2422(a) in Case Number 1:13-CR-94.

1    We talked about the possible term of imprisonment at the

2   time of the plea, which was up to 20 years; a possible fine of

3   $250,000; a minimum term of five years on supervised release;

4   and a possible term up to life; a mandatory 100-dollar special

5   assessment.

6    I've already gone through the calculation.

7    Does anybody have any objections or comments that need to

8   be raised on the record before I proceed to the actual

9   sentencing itself?

10           MS. MUNCY:  No, Your Honor.

11           MS. CROUSE:  No, Your Honor.

12           THE COURT:  All right.

13    Candace, do you or your client have anything you wish to

14   say in anticipation or mitigation of a potential sentence in

15   this case?

16           MS. CROUSE:  Your Honor, I think, you know, the only

17   thing I can say is, we would ask the Court to sentence him to

18   the 60 months concurrent.  Mr. Davis has accepted full

19   responsibility for his actions in this case, pled guilty,

20   accepted the Statement of Facts, so we would ask the Court to

21   impose the 60 months.

22    With regard to supervised release, I believe he got five

23   years -- he got ten years in the other case and -- of

24   imprisonment, and then he got an additional five years of

25   supervised release, was the longest term; and we would just

ask that everything be made concurrent to the Texas case.

THE COURT: And I forget, what was the charge in Texas?

MS. CROUSE: It was completely unrelated.

THE COURT: Right.

MS. CROUSE: It was a drug case.

THE COURT: Drug. Okay.

Rodney, is there anything else I need to know at this point in time?

THE DEFENDANT: No, sir.

THE COURT: Okay.

And does he serve the time here or there, I guess?

MS. CROUSE: I think that the request was to --

THE COURT: Actually, the BOP will figure that out, I guess; right?

MS. CROUSE: Yeah. I think he requested at his sentencing in Texas as close to Cincinnati as possible because his family is from around here. So if you could also put that recommendation in, we would appreciate that.

THE COURT: Definitely.

Christy, anything else I need to know?

MS. MUNCY: No, Your Honor.

THE COURT: Okay.

So, as everybody knows, it's my job to impose a sentence which is sufficient but not greater than necessary to comply

1  with the purposes set forth in 18 U.S.C. 3553.  In this

2  situation, in addition to the presentence investigation, I

3  lean heavily on the advice of counsel in terms of their

4  recommendations and their understanding, perhaps, of the

5  nature of the evidence and the defendant's background better

6  than anybody.

7      The nature and the circumstances in this case do justify a

8  term of imprisonment.  Rodney made contact with the victim

9  through online resources, worked through the whole arrangement

10  that we're aware of as contained in the PSI and as contained

11  in the indictment, and made the transportation arrangements

12  and was involved to the extent we're all totally familiar

13  with.

14      His criminal history is a Category IV; so it's not the

15  worst we've seen, but it's certainly not the best.

16      The agreed upon sentence in this case certainly promotes

17  respect for the law and promotes a deterrent for either Rodney

18  or other people who may be similarly inclined to engage in

19  this kind of activity.

20      Therefore, it's the sentence of the Court that Rodney be

21  imprisoned for a term of 60 months with credit for time served

22  on this case.

23      This sentence is to be concurrent with the sentence

24  imposed in Case Number -- make sure I get this right --

25  6:13-CR-00229 in the United States District Court for the

1    Western Division of Texas at Waco.

2        So I think I've got that right.

3              MS. MUNCY:  That's correct.

4              MS. CROUSE:  Correct.

5              THE COURT:  Also, what I'm going to do is, I'm going

6    to impose a term of supervised release of 15 years, and I'm

7    doing that because, when I look at the benefit of the Plea

8    Agreement, Rodney saves substantial time.  However, once he's

9    hit the minimum number of years, I will review it, depending

10   on how things are going in terms of wherever he is living and

11   his compliance with the terms and conditions.

12       So, Candace, just remember that.

13       All right.  Within 72 hours from your release from the

14   Bureau of Prisons, you are going to have to report to the

15   Probation Office in the district in which you are released.

16   You're going to be given the standard terms and conditions of

17   supervised release, which include not committing any other

18   federal, state or local crimes.

19       You're prohibited from possessing a firearm or dangerous

20   device.

21       He has to provide a DNA sample.  And, I guess, his

22   supervision on the other case -- well, it will be wherever he

23   ends up living, so maybe he'll be supervised in both cases

24   here if the other judge transfers.

25             MS. MUNCY:  That is more likely.

1    THE COURT:  All right.  There is going to be one drug

2  test 15 days after being released.

3    Rodney, under 42 U.S.C. 16913(a), you have to register and

4  keep registration current in any jurisdiction within which you

5  reside in terms of your sex offender status pursuant to SORNA

6  and the policy and laws of the city in which you intend to

7  reside.

8    The Probation Department is going to require that you

9  install software to monitor any computer activities from any

10  computer that you are authorized to use, and all that's going

11  to be at your own expense.  You're not to maintain any

12  expectations of privacy regarding computer use during the time

13  of supervised release.  So whatever software program they put

14  on to monitor, you're going to have to fully comply and then

15  pay for that.  Any attempt to circumvent or get around that

16  monitoring equipment would be a violation of supervised

17  release.

18    You're going to have to submit your person, residence and

19  any buildings for search at any time for any kind of

20  unauthorized materials, including pornography, drugs, things

21  like that.

22    Substance abuse treatment, which will include random drug

23  testings.

24    You're going to have to give the probation officer full

25  financial disclosure, and you're going to have to get

permission from them before you obtain any loans or new credit or charges.

The 100-dollar special assessment is owing and due.  I assume that has not been paid, so that will be an obligation carrying forward.

Candace, what's your position on the fine?  There is a recommended fine of $5,000.  Does that serve any benefit to anybody?

MS. CROUSE:  I don't think he's got any money or any way of obtaining any right now, so I would ask the Court not to impose a fine.

THE COURT:  Christy, do you have any position on the fine?

MS. MUNCY:  No, Your Honor.

THE COURT:  All right.  I'm going to waive the fine in this case, but the 100-dollar special assessment will be owing and due.

If he's working in a non-UNICOR or Grade 5 job in the institution, he'll pay $25 a quarter towards that obligation. If he gets in a 1 to 4 job, then half of his monthly income will go towards satisfying that unpaid balance.

There was a forfeiture paragraph, which I believe was number 7.

MS. MUNCY:  Your Honor, we have agreed to return both Mr. Davis' property to two individuals, and I can provide a

```
 1    name.  He did have a car that was --
 2              THE COURT:  This is the --
 3              MS. MUNCY:  -- forfeited administratively.
 4              THE COURT:  Was it the Infinity?
 5              MS. MUNCY:  Pardon me?
 6              THE COURT:  Was it an Infinity?
 7              MS. CROUSE:  Correct.
 8              THE COURT:  What about the pistol?
 9              MS. MUNCY:  Well, that can't --
10              MS. CROUSE:  We have agreed to forfeit the pistol,
11    and there is, like, $789 in currency.
12              THE COURT:  Okay.
13              MS. MUNCY:  Everything else is going to be returned.
14              MS. CROUSE:  The car was going to be an issue, but
15    they have administratively forfeited it, so it's not an issue
16    anymore.
17              THE COURT:  Okay.  All right.
18         Barb, what else do you have?
19              COURTROOM DEPUTY:  That's it.
20              THE COURT:  Okay.
21         So, Rodney, you are asking for a location to the closest
22    facility to Cincinnati that you qualify for?
23              THE DEFENDANT:  Yes, sir.
24              THE COURT:  Okay.  So we'll put that in the
25    recommendation.
```

1    Anything else, Candace?

2         MS. CROUSE:  No, Your Honor.  Thank you.

3         THE COURT:  Any -- I guess -- I mean, the calculation

4    for time served would include the return time and all that;

5    right?  I would think.

6         MS. CROUSE:  I would hope so.

7         MS. MUNCY:  Yes.

8         THE COURT:  All right.

9    So that's the order of the Court.  I think that the

10   sentence is fair and reasonable in light of all the sentencing

11   factors in front of me and in accordance with the agreement

12   that's been reached with the United States Attorney's Office

13   and the defendant in this case.

14        Rodney, under your Plea Agreement, you did give up certain

15   rights to appeal, so those -- the ability to appeal on those

16   issues is not provided.  However, you do have certain other

17   rights which may be raised on appeal.  I have to tell you that

18   if you wish to appeal any issues in that regard, including the

19   sentence in this case, to the extent that you're allowed to,

20   you have to do it within 14 days of the time the judgment is

21   entered.

22        If, as you stand here today, you know that you wish to

23   appeal any issues that you would be permitted to, even with

24   the waiver in place, we'll start the appellate process.

25        Do you know if you wish to appeal the sentence?

1          THE DEFENDANT:  No.

2          THE COURT:  All right.  If you change your mind, will

3    you notify Candace within 14 days so that she can protect your

4    interests in that regard?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Anything else, Christy?

7          MS. MUNCY:  No, Your Honor.

8          THE COURT:  All right.

9       So that's the sentence of the Court.  He'll be remanded to

10   the custody of the U.S. Marshals, credit for time served

11   leading up to today's sentencing date.

12      Anything else?

13         MS. MUNCY:  No, Your Honor.

14         THE COURT:  All right.  Thanks, everybody.

15

16      (The proceedings concluded at 10:02 a.m.)

17

18               C E R T I F I C A T E

19

20      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

21   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

22

23   S/MARYANN T. MAFFIA, RDR

24   Official Court Reporter

25